UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:19cr90 |
| | ) | |
| JACLYN AMANDA INGE | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

The Defendant, Jaclyn Amanda Inge ("Ms. Inge"), by counsel, in accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements, as well as this Court's Sentencing Order, hereby represents that she has reviewed the Probation Officer's Presentence Report (PSR). She has no outstanding objections to the report and hereby states her position with respect to the sentencing factors.

**THE SENTENCE REQUESTED**

Ms. Inge is before this Court for sentencing after pleading guilty, pursuant to a plea agreement, in November 2019, to Count Three of the indictment, charging drug-use in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Sentencing is set for July 27, 2020. The PSR correctly states the guideline range of 108 to 120 months. However, for the reasons provided in the Government's Position on Sentencing, the Defendant concurs with, and joins in, the Government's request for the Court to assess a three-point reduction for acceptance of responsibility, reducing the guidelines range to 78-97 months. Defendant respectfully requests a sentence of 24 months in prison.

Given the nature of the offense and Ms. Inge's characteristics, the Defense respectfully requests a downward variance and that the Court impose a suspended sentence of no greater than 24 months. The Defense submits to the Court that a downward variance is appropriate in this case given Ms. Inge's actual conduct, and her history and characteristics.

1

## THE APPROPRIATE SENTENCE IN THIS CASE

The basic mandate of § 3553(a) provides that, when considering an appropriate sentence in a given case, the Court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in Section 3553(a). This is a requirement that is different than the other factors provided by Section 3553(a), because "sufficient, but not greater than necessary" sets an independent limit on the sentence.

With this independent limit in mind, Congress has required federal courts to impose the least amount of confinement necessary to accomplish the intended sentence. In this respect, the Court must "tak[e] into account the real conduct and circumstances involved in sentencing" as well as the Defendant's personal history and characteristics. *Gall v. United States,* 552 U.S. 38, 54 (2007); 18 U.S.C. § 3553(a)(1). Furthermore, the Court must also "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment ensue." *Id.* at 52.

## SENTENCING ARGUMENT

The nature and circumstances of the offense are contained in the Statement of Facts, which is set forth in paragraphs 5-13 of the PSR. Ms. Inge has taken full responsibility for her criminal conduct, has cooperated fully with the Government and expressed profound remorse. She is fully prepared to accept whatever sentence the Court deems appropriate.

Ms. Inge was raised by her parents in Hampton Roads until age 7 when they were divorced. Ms. Inge has maintained steady employment in a variety of areas including since her graduation from High School. She has never been married and is the mother of two children. Her oldest daughter is 19 years old and attends Virginia Tech. Her son is 17 years old and currently resides with his father in Virginia Beach. Prior to the allegations in this case, Ms. Inge was the custodial parent for both children.

However, due to fear of reprisal from the men who conducted the robbery in this case, she has made arrangements for her children to live with other relatives. Ms. Inge has always been a loving and caring mother to her children. Although Ms. Inge does have one minor misdemeanor conviction, she does not have any prior felony convictions or any prior violent offenses.

The Government's recommended guideline range of 78 to 97 months is far greater than necessary to achieve the goals of sentencing. The enormous prejudice and stigma that accompanies a conviction for this offense will last a life-time. Ms. Inge will forever be a federal felon. This label alone carries seriously negative consequences in nearly every aspect of one's life and afford both general and specific deterrence. Due to this offense, Ms. Inge is facing a prison sentence and separation from her family. She will be subject to a lengthy period of supervised release. There will be significant restrictions on her liberty. Under the standard conditions of supervised release her ability to travel freely will be greatly limited. The impact of being a federal felon will amount to lengthy and severe punishment. Due to the severity of these life-long consequences, Ms. Inge's lack of a lengthy or violent criminal record, her demonstrated acceptance, cooperation and remorse, it is highly improbable that Ms. Inge will commit any new offenses in the future. In terms of general deterrence, there is no statistical evidence that supports the argument that a lengthy sentence is a meaningful way to provide adequate deterrence.

## CONCLUSION

Given the fact that Ms. Inge admitted involvement in the offense and expressed remorse for her criminal actions, a sentence below the recommended guideline range would be appropriate. Ms. Inge's singular focus after sentencing is to continue to be a productive member of society and take care of her children and family. Therefore, a 24-month sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of 18 U.S.C. § 3553(a).

WHEREFORE, Defendant requests the Court to depart from the Federal Sentencing guideline and sentence Defendant to suspended sentence of no more than 24 months. She has very little criminal

history and she has shown extraordinary remorse and acceptance of responsibility for her criminal conduct.

Respectfully submitted this the 24th day of July, 2020.

          /s/
Eric Leckie
VA Bar No. 86847
INVICTUS LAW
1240 Perimeter Parkway, Suite 404
Virginia Beach, VA 23454
Office  (757) 337-2727
Fax     (757) 474-1671
ericleckie@leckielaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 24th day of July, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:


William B. Jackson
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Phone: (757) 441-6331

William D. Muhr
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Phone: (757) 441-6331


                /s/
              Eric Leckie
              VA Bar No. 86847
              INVICTUS LAW
              1240 Perimeter Parkway, Suite 404
              Virginia Beach, VA 23454
              Office (757) 337-2727
              Fax  (757) 474-1671
              ericleckie@leckielaw.com