**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**UNITED STATES OF AMERICA,**

v.                       **Docket No. 2:19CR90-001**

**JACLYN INGE,
Defendant.**

## MOTION FOR COMPASSIONATE RELEASE
## PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) WITH MEMORANDUM OF LAW

Defendant is currently incarcerated in FPC Alderson. She is due to be released from incarceration in 2025. Defendant has morbid obesity, high blood pressure, and mitral-valve prolapse, conditions which have caused Defendant to request a motion for compassionate release. This motion should be granted because the global COVID-19 pandemic combined with Defendant's pre-existing medical issues presents an "extraordinary and compelling reason" for compassionate release.

In considering whether the Defendant meets the criteria of demonstrating an "extraordinary and compelling reason" for compassionate release, this Court may look at the factors elucidated in 18 U.S.C. 3553(a) to the extent that they are applicable. The statute instructs the Court to consider the need for the sentence to (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Defendant's release plan adheres to the mandates of Section 3553(a), particularly in light of the cataclysmic events of this pandemic. Defendant respectfully asks the Court to

consider this motion on an expedited basis as the risk to her life multiplies exponentially with each passing day.

## Factual Background

In November 2019 the Defendant pleaded guilty to Count Three in what was originally a three count indictment charging Defendant with making a materially false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) (Count One); causing a federally licensed firearms dealer to maintain false records, in violation of 18 U.S.C. § 924(a)(1)(A) (Count Two); and drug- user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count Three).  While the Government makes alarming allegations insinuating Defendant's involvement with an armed robbery, it minimizes the fact that Defendant pleaded guilty and accepted responsibility for her actions.  Defendant ultimately received 78 months incarceration with three years of supervised release.  ECF 46.

Defendant requested and was denied compassionate release by the Warden.  This Court appointed this Counsel to help Defendant in her quest for compassionate release on January 4, 2022.

## ARGUMENT

This Court has the authority to order the Defendant's immediate release.  Section 3582(c)(1)(A)(i) states in relevant part that the Court "may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

When enacting § 3582(c) as part of the Crime Control Act of 1984, Congress tasked the Sentencing Commission with defining the phase "extraordinary and compelling," and also required that any judicial order modifying a sentence be "consistent with applicable policy statements" issued by the Sentencing Commission. *See* 28 U.S.C. § 994(t). The Sentencing Commission followed the directive and issued a policy statement, but that policy statement has not been updated to reflect changes made by the First Step Act of 2018.

The Commission's current policy statement further sets forth the following factual considerations for determining whether compassionate release is appropriate: (i) the medical condition of the defendant (including terminal illness and other serious conditions and impairments); (ii) the age of the defendant (for those 65 and older with serious deterioration related to aging who have completed at least 10 years or 75 percent of the term of imprisonment); (iii) the family circumstances of the defendant (where a child's caregiver or spouse dies or becomes incapacitated without an alternative caregiver); and (iv) "other reasons" as determined by the BOP. U.S.S.G. § 1B1.13, Application Note 1(A). The fourth category specifically includes "an extraordinary and compelling reason other than, or in combination with," the first three. *Id*.

It is the Courts' role to determine what "other reasons" warrant compassionate release, notwithstanding the Commission's outdated policy statement that provided for BOP to make that determination. "Under the First Step Act, it is for the court, not the Director of the Bureau of Prisons, to determine whether there is an 'extraordinary and compelling reason' to reduce a sentence." *United States v. Maumau,* 2:08-cr-758-TC, 2020 WL 806121, at *7-8 (D. Utah Feb. 18, 2020). Numerous courts have recognized the judicial authority to find that compassionate release is warranted for "other reasons" than those set forth in U.S.S.G. § 1B1.13. *See, e.g.*,

*United States v. Redd*, Case No. 1:97-cr-00006-AJT, 2020 WL 1248493, at *8 (E.D. Va. Mar. 16, 2020) ("[T]he Court joins other courts in concluding that a court may find, independent of any motion, determination or recommendation by the BOP Director, that extraordinary and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C)").

The Second Circuit agrees. In *United States v. Brooker*, 2020 WL 5739712 (2d Cir. Sept. 25, 2020), the Second Circuit held that "§ 1B1.13 is not 'applicable' to compassionate release motions brought by defendants," and that "Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *Id*. at *6. "[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *Id*. at *7.

**III.     There Are Extraordinary and Compelling Reasons for Release in this Case**

    A.  <u>The health conditions of the Defendant's family members place them at high risk of serious COVID-19 complications</u>.

According to the CDC, the following groups are at increased risk for severe illness or death: (1) older adults; and (2) people with certain medical conditions. The risk for severe illness from COVID-19 increases with age, with older adults at the highest risk. Eight out of ten COVID-19-related deaths reported in the United States have been among adults aged 65 years and older. People with the following medical conditions are at increased risk: (1) cancer; (2) chronic kidney disease (not necessarily requiring dialysis); (3) chronic obstructive pulmonary disease (COPD); (4) immunocompromised state from a solid organ transplant; (5) obesity (body mass index [BMI] of 30 or higher); (6) severe obesity (BMI of 40 or greater); (7) heart

conditions, such as heart failure, coronary artery disease, or cardiomyopathies; (7) sickle cell disease; (8) smoking and (9) Type 2 diabetes mellitus.

According to ever-developing data and research, people with the following conditions and/or risk factors may face an increased risk: (1) asthma (moderate to severe); (2) cerebrovascular disease; (3) cystic fibrosis; (4) hypertension or high blood pressure; (5) immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; (6) neurologic conditions, such as dementia; (7) liver disease; (8) overweight (BMI between 25 and 30); (9) pregnancy; (10) pulmonary fibrosis (having damaged or scarred lung tissues); (11) thalassemia (a type of blood disorder); and (12) Type 1 diabetes mellitus.

The CDC has also recognized that the following groups need extra precautions: (1) racial and ethnic minority groups; (2) people living in rural communities; (3) people experiencing homelessness; (4) those who are pregnant and/or breastfeeding; (5) people with disabilities; and (6) people with developmental and behavioral disorders. Regarding racial and ethnic minorities, non-Hispanic black persons experience hospitalization or death at a rate approximately five times that of non-Hispanic white persons. Hispanic or Latino persons have a rate approximately four times that of non-Hispanic white persons.

In this case Defendant meets several of the risk factors elucidated above. She is overweight, has high blood pressure and a pre-existing heart condition, and has been a smoker for an extended amount of time.

**IV.     Releasing Client is Appropriate Given Her History and Characteristics**

In determining whether an individual's sentence should be reduced based on an "extraordinary and compelling reason," this Court must consider whether s/he presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13(2). Under the present statutory regime, the existence of extraordinary and compelling circumstances confers on this Court the authority to consider the relevant 18 U.S.C. § 3553(a) factors in determining whether a sentence reduction is appropriate.

  A. <u>The § 3553(a) Factors and Client's Rehabilitation Weigh in Favor of Release</u>

Defendant received 78 months to serve and a term of supervised probation upon release. Defendant argues that she has learned from the time that she has spent incarcerated and that she still possesses the youthfulness to do something with herself upon release. Defendant had an extremely limited record prior to being arrested and convicted of these charges. She had only one misdemeanor conviction that she received at the age of 38. While the Government goes into great detail about Defendant's involvement with helping arrange a robbery of her employer, it is important to note that she was not charged as an accomplice to that crime. She was instead convicted of a nonviolent crime. She was also cooperative and remorseful about her involvement with the robbery and did not hide her participation from the Government. She has served almost a third of her incarceration and would be a model participant for home confinement. Her risk of recidivism is practically nonexistent. While the Government noted that Defendant did not have a viable release plan, Defendant has now secured such and would be living with Jimmott Thomas at 741 Creek Ridge Road, Apt. 507, in Greensboro, North Carolina upon her release.

While Defendant's conduct and crimes were undoubtably serious, these circumstances were clearly out of character for the Defendant given her lack of a criminal history. According to her PSR she was described as a dependable employee and will most certainly be hireable upon release from incarceration. All of these things point in the direction that Defendant should be released from custody as soon as possible.

## CONCLUSION

For the reasons above, Defendant respectfully requests that this Court order his immediate compassionate release and impose the following supervised release conditions: 1) that CLIENT abide by the standard supervised release conditions; 2) that within 72 hours of release, CLIENT contact the U.S. Probation Office by phone for specific reporting instructions; 3) that CLIENT be confined to the home—except when attending medical appointments or other activities approved by the U.S. Probation Office for as long as this Court deems necessary.

Respectfully submitted,

JACLYN INGE

BY: _____/s/_____
Elizabeth M. Wood-Hanna, Esq., VSB: 73533
Wood Hanna Law
249 Central Park Ave., Ste. 300
Virginia Beach, VA 23462
Phone: 757-870-3875
liz@woodhannalaw.com

CERTIFICATE OF SERVICE

       I certify that on this 21st day of April, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to all counsel of record.

And I certify that I have sent the foregoing to the following non-filing user:

Jaclyn Inge
FPC Alderson
Register Number: 92943-083
1 Glen Ray Road
Alderson, WV 24910

           /s/
Elizabeth M. Wood-Hanna, Esq.
Wood-Hanna Law
249 Central Park Ave., Ste. 300
Virginia Beach, VA 23462
Phone: 757-870-3875
liz@woodhannalaw.com